IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

EARNEST STANFIELD,

Defendant.                                                    No. 06-30078-DRH

### ORDER

**HERNDON, Chief Judge:**

Earnest Stanfield is serving a 188 months sentence which was imposed by this Court on December 19, 2006 (see Doc. 49). On June 2, 2008, Stanfield filed a motion for retroactive application of sentencing guidelines to crack cocaine offense pursuant to **18 U.S.C. § 3582**(Doc. 60); he filed a second motion on August 6, 2008 (Doc. 62). The Court appointed counsel to represent Stanfield, and counsel has now moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to **18 U.S.C. § 3582(c)** (Doc. 64). ***See Anders v. California*, 386 U.S. 738, 744 (1967)**. In response to counsel's motion to withdraw, Stanfield filed a response seeking the appointment of new counsel (Doc. 66).

**Section 3582(c)(2)** allows the Court to reduce a defendant's previously imposed sentence where "a defendant...has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to **28 U.S.C. § 944(o)**." In doing so, the Court

must consider the factors set forth in **18 U.S.C. § 3553(a)** and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." **18 U.S.C. § 3582(c)(2)**. Thus, a defendant urging a sentence reduction under **§ 3582(c)(2)** must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. ***United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);** *see* ***United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009),** *cert. denied sub nom* ***McKnight v. United States*, 129 S. Ct. 1924 (2009).**

Stanfield is not entitled to a reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to **28 U.S.C. § 994 (o)**." **18 U.S.C. § 3582(c)(2)**. Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. Stanfield, however, was sentenced based on his base offense level set forth in U.S.S.G. § 4B1.1 ("Career Offender"), not his base

offense level set forth in U.S.S.G. § 2D1.1.  **See Forman, 553 F.3d at 589-90.** Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under **18 U.S.C. § 3582(c)(2)** for obtaining a sentence reduction.

The Court has confirmed the representations in counsel's motion to withdraw and agrees that Stanfield is not entitled to a reduction in sentence for the reasons just mentioned.  It would serve no purpose to appoint another lawyer to represent Stanfield on this issue.

The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 64), and **DISMISSES for lack of jurisdiction** the motions for a sentence reduction (Docs. 60, 62).

**IT IS SO ORDERED.**

Signed this 14th day of December, 2009.

/s/  *David R Herndon*

**Chief Judge**
**United States District Court**